# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

TERRANCE LAVELL KIRKSEY,

Plaintiff,

v.

Case No. 19-CV-1278-JPS

CITY OF KENOSHA and JOHN DOE
DEFENDANTS,

**ORDER**

Defendants.

Plaintiff Terrance Lavell Kirksey, who is detained at the Kenosha County Jail, proceeds in this matter *pro se*. He alleges that the defendants named in this matter violated his constitutional rights by searching his home and arresting him without a warrant, and in retaliation for attempting to submit complaint regarding the Kenosha Police Department ("KPD"). (Docket #1). The Court waived payment of Plaintiff's initial partial filing fee. (Docket #11).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774

(7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

When considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal

conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In order to state a claim for an unreasonable search in violation of the Fourth Amendment, Plaintiff must allege that his home was searched without a warrant and without his consent. *See Payton v. New York*, 445 U.S. 573, 586 (1980); *United States v. McGraw*, 571 F.3d 624, 628 (7th Cir. 2009). To state a First Amendment retaliation claim, Plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). "Grievances addressed to a government agency are, if intelligible, nonfrivolous, and non-malicious, petitions for the redress of grievances within the meaning of the First Amendment and are therefore prima facie protected by the amendment." *Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016). "[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for a different reason, would have been proper." *Howland*

*v. Kilquist*, 833 F.3d 639, 644 (7th Cir. 1987) (quoting *Buise v. Hudkins*, 584 F.2d 223, 229 (7th Cir. 1978)).

Plaintiff alleges that on December 28, 2018 at approximately 7:07 p.m., KPD officers entered his home without a search warrant or his consent and proceeded to search his house and arrest him. (Docket #1 at 2–3). Plaintiff claims that this search and arrest was retaliatory because the previous day, he had attempted to file a complaint against officers of the KPD. *Id.* at 3. Construing Plaintiff's bare-bones allegations liberally, as the Court must, it finds that Plaintiff may proceed on one claim for a violation of his Fourth Amendment right when his dwelling was searched without a warrant, and one claim for a violation of his First Amendment right when he was arrested in retaliation for attempting to submit a complaint against the KPD. The Court infers, based on the facts alleged, that such an arrest would deter reasonable people of attempting to file complaints against the police department. However, for the reasons explained below, this action must be stayed until the state court proceeding resolves.

Plaintiff is currently detained in Kenosha County Jail, where he is awaiting disposition of a case filed on January 2, 2019. *See* Kenosha County Case Number 2019CF000003. The arrest in that case would have occurred around the same time as the events alleged in this federal complaint, leading the Court to infer that this federal case is related to the state criminal proceeding. Federal courts may not interfere with or enjoin state court criminal proceedings. *Younger v. Harris*, 401 U.S. 34, 44 (1971); *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014) ("*Younger* abstention is called for. . .where federal jurisdiction would intrude into ongoing state criminal proceedings."). Usually, the *Younger* doctrine "requires that federal courts dismiss such cases rather than intervene in

state affairs." *Mulholland*, 746 F.3d at 815. However, federal courts should not dismiss "claims that are not cognizable in the parallel state proceeding." *Deakins v. Monaghan*, 484 U.S. 193, 202–03 (1988). Those claims should be stayed in federal court until the parallel state proceeding is resolved. *Id.* This is because federal courts have a "virtually unflagging obligation to exercise their jurisdiction" in cases where such jurisdiction presents itself. *Id.* In this case, Plaintiff seeks dismissal of his state court case, which the Court cannot grant. However, he also seeks monetary damages in the amount of $750,000.00 for the violations of his rights. These monetary claims cannot be vindicated in a state court criminal proceeding, but are based on the same facts as the parallel state criminal proceeding. Therefore, the suit must be stayed until the state proceedings have been resolved.

Relatedly, a stay is necessary because under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), Plaintiff's claims against Defendant would be barred if they would imply the invalidity of his conviction or sentence. Though there has not yet been a conviction or sentence in the criminal case, *Wallace v. Kato* suggests that the best course of action is to stay this civil proceeding until the criminal one is completed. 549 U.S. 384, 393–94 (2007). Once the criminal proceeding resolved, the Court will determine whether *Heck* bars Plaintiff's claims. *Id.* This matter will be administratively closed in the interim.

During the period of the stay, Plaintiff shall file a status report on the progress in the criminal case every thirty (30) days. Plaintiff shall also file an update informing the Court that a final judgment has been issued in the criminal case within seven (7) days of that occurrence. Plaintiff is warned that failure to abide by these terms may result in the dismissal of his case.

If possible, Plaintiff should use this period of stay to identify the John Doe defendants.

Plaintiff also filed a motion for injunction or restraining order, in which he requested an order "against Kenosha County Jail and Kenosha County Detention Center for the reason of retaliation for redressing the government due to staff misconduct and facility conditions. I have tried to pursue restraining order etc but have been denied." (Docket #9). He also alleges that his legal mail is being read and that he has been pepper sprayed. *Id.* The Court is constrained to deny this motion. First, this action was brought against officers from the KPD, not Sheriff David Beth and other administrators of the Kenosha County Jail. The Court cannot enjoin these non-parties from action in a case that is wholly unrelated to them. Second, even if Sheriff David Beth were a proper party to this case, Plaintiff has not met the threshold requirement of a preliminary injunction or restraining order, which requires a showing of the following: "1) a likelihood of success on the merits, 2) irreparable harm if the preliminary injunction is denied, and 3) the inadequacy of any remedy at law." *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). If Plaintiff believes that his conditions of confinement rise to the level of a constitutional rights violation, he is encouraged to pursue relief through the channels available for inmate grievances at the Kenosha County Jail. Exhaustion of these channels is also a requirement for any Section 1983 claim that Plaintiff may attempt in the future.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for injunction or restraining order (Docket #9) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **STAYED**; Plaintiff is ordered to submit a status report on the progress of the criminal proceedings in accordance with the terms of this order; and

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this action.

Dated at Milwaukee, Wisconsin, this 25th day of November, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge