# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

TERRANCE LAVELL KIRKSEY,

                        Plaintiff,

v.

CITY OF KENOSHA and JOHN DOE
DEFENDANTS,

                        Defendants.

Case No. 19-CV-1278-JPS

**ORDER**

Plaintiff alleges that an unknown law enforcement officer searched his house without a warrant or consent in violation of his Fourth Amendment rights. *See* (Docket #12 at 4). Plaintiff also alleges that he was arrested in retaliation for submitting a complaint against the Kenosha Police Department in violation of his First Amendment rights. *Id.* In November 2019, the Court screened the complaint and the stayed the action because Plaintiff was being prosecuted in the Kenosha County Circuit Court Case No. 2019CF3 for conduct related to his allegations in this case. (Docket #12). On December 5, 2019, Plaintiff filed a status report asking the Court to lift the stay in light of the fact that he had entered into a plea agreement in the state court case. (Docket #13). According to publicly available records, it appears that Plaintiff was sentenced in the state court case on January 22, 2020. *See State of Wisconsin v. Terrance L. Kirksey*, Case No. 2019CF3, *available at* https://wcca.wicourts.gov. While it appears that Plaintiff intends to seek post-conviction relief, the Court agrees that the stay of this action may now be lifted.

As a preliminary matter, the Court notes that the City of Kenosha is not the correct defendant in this matter and will be dismissed. Only officials who are directly responsible for a constitutional violation may be sued under Section 1983. *Minix v. Canarecci*, 597 F.3d 824, 833–34 (7th Cir. 2010). To facilitate service of the complaint and identification of the individuals who might be held responsible for the claims, the Court will add Kenosha Police Chief Daniel Miskinis ("Miskinis") as a defendant for the limited purpose of helping Plaintiff identify the individual defendants who were personally involved in this action. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996). Plaintiff is advised that in the Court's scheduling order, which will be issued after Miskinis is served, Plaintiff will be afforded a period of time in which to conduct discovery into the identities of the unnamed defendants. He should seek this information from Miskinis. Failure to amend the complaint to identify individual defendants who were personally involved in the claims by the deadline set forth in the scheduling order will result in dismissal of this action. Once the individual defendants are identified, the Court will dismiss Miskinis as a defendant.

Accordingly,

**IT IS ORDERED** that the stay of this action be and the same is hereby **LIFTED**;

**IT IS FURTHER ORDERED** that the City of Kenosha be and the same is hereby **DISMISSED** from the action; and

**IT IS FURTHER ORDERED** that Kenosha Police Chief Daniel Miskinis be and the same is hereby **ADDED** as a defendant for the limited purpose of helping Plaintiff identify the individual defendants who were personally involved in this action;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the Court's screening order (Docket #12), and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service; and

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

Dated at Milwaukee, Wisconsin, this 25th day of February, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge