# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE LAVELL KIRKSEY,

                    Plaintiff,

v.                                                      Case No. 19-CV-1278-JPS

POLICE CHIEF DANIEL MISKINIS
and JOHN DOE DEFENDANTS,                                **ORDER**

                    Defendants.

Plaintiff Terrance Lavell Kirksey, who is incarcerated at Green Bay Correctional Institution, proceeds in this matter *pro se*. He alleges that his constitutional rights were violated when law enforcement officers searched his home and arrested him without a warrant, and in retaliation for Plaintiff attempting to submit a complaint regarding the Kenosha Police Department ("KPD"). (Docket #1). On November 25, 2019, the Court granted Plaintiff's petition to proceed without prepayment of the filing fee, screened the complaint, and stayed this action. (Docket #12). On February 25, 2020, the Court lifted the stay and ordered service. (Docket #14).

On June 29, 2020, Plaintiff filed a motion to amend his complaint and an amended complaint naming new defendants and asserting two new claims. (Docket #21). Plaintiff's motion to amend will be granted, and his amended complaint will be screened herein. Additionally, the Court will order service of the amended complaint upon KPD officers Brennan, Krein, Vega, Smith, Vang, Kenesie, Robert Shrei, and Lt. Dillhoff (collectively, the "Officer Defendants"), as well as upon the Kenosha Police Department.

Finally, the KPD Police Chief will be terminated as a defendant in this action.[1]

## 1. FEDERAL SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the

_____

[1]The Court added Kenosha Police Chief Daniel Miskinis as a defendant for the limited purpose of helping Plaintiff identify the individuals who might be held responsible for Plaintiff's claims. (Docket #14). On January 15, 2021, Chief Miskinis filed a motion to dismiss. (Docket #26). This motion will be denied as moot, as Plaintiff's amended complaint does not name Chief Miskinis, who will be terminated as a defendant on the Court's docket accordingly.

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2.    PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that from December 26, 2018 at approximately 11:00 p.m. until December 27, 2018 at around 3:30 a.m., KPD officers refused to let Plaintiff leave his home and continued to question and antagonize him after Plaintiff told them "he was done and had nothing further to state to them." (Docket #21 at 2). Later in the day on December 27, 2018, Plaintiff went to file a complaint against the KPD officers who were involved with the incident. (*Id.*) While Plaintiff was at the station, two KPD officers refused to allow him to file a grievance/complaint. (*Id.*) The next day, on December 28, 2018 at approximately 7:07 p.m., KPD officers entered his home—without a search warrant, exigent circumstances, or his consent— and proceeded to search his house and arrest him. (*Id.* at 2–3). Plaintiff claims that this search and arrest were in retaliation for his attempting to file a complaint against the KPD officers. (*Id.*) In his amended complaint, Plaintiff identifies the following KPD police officers (although it is not clear

which officers were involved in which incident): Brennan, Krein, Vega, Smith, Vang, Kenesie, Robert Shrei, and Lt. Dillhoff. (*Id.*)

Plaintiff also alleges that the Kenosha Police Department has failed to train their officers. (*Id.*) Further, he asserts that KPD has a "practice, custom, or official policy" to "make arrest[s] in private residence[s] without warrants, consent, hot pursuit, exigent circumstances, and lawful justification." (*Id.*)

## 3.    ANALYSIS

Plaintiff seeks to bring claims under the Fourth and Fourteenth Amendment for unlawful arrest and unreasonable search and seizure. (*Id.* at 3). Further, he states that the Officer Defendants violated his First Amendment rights by arresting him in retaliation for Plaintiff attempting to file a complaint against KPD officers. (*Id.* at 2). Finally, Plaintiff makes a claim against the Kenosha Police Department for its policies and practices. (*Id.* at 2–3).

The Fourteenth Amendment guards against state deprivations of "life, liberty or property, without due process of law." U.S. Const. amend. XIV § 1. This provision extends into the "substantive sphere as well, 'barring certain government actions regardless of the fairness of the procedures used to implement them.'" *County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1988) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). In reference to unlawful detention claims under the Fourteenth Amendment, the guiding question is whether the abuse of power—such as a delay in releasing an unlawfully detained person—"shocks the conscience." *Armstrong v. Squadrito*, 152 F.3d 564, 570 (7th Cir. 1998) (analyzing a substantive due process claim for a detainee who voluntarily surrendered to a jail on a bench warrant).

However, the Supreme Court has counseled that "where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Lewis*, 523 U.S. at 840 (citations and quotations omitted). In this case, regarding unreasonable search and seizure and unlawful arrest, the Fourth Amendment would appear to govern Plaintiff's claims. In order to state a claim for an unreasonable search in violation of the Fourth Amendment, Plaintiff must allege that his home was searched without a warrant and without his consent. *See Payton v. New York*, 445 U.S. 573, 586 (1980); *United States v. McGraw*, 571 F.3d 624, 628 (7th Cir. 2009). Additionally, on a claim of an arrest in violation of the Fourth Amendment, Plaintiff must show that he was arrested without probable cause because probable cause is an absolute defense to such a claim. *Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007). A police officer has probable cause to arrest a person if, at the time of the arrest, the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).

To state a First Amendment retaliation claim, Plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). "Grievances addressed to a

government agency are, if intelligible, nonfrivolous, and non-malicious, petitions for the redress of grievances within the meaning of the First Amendment and are therefore prima facie protected by the amendment." *Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016). "[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for a different reason, would have been proper." *Howland v. Kilquist*, 833 F.3d 639, 644 (7th Cir. 1987) (quoting *Buise v. Hudkins*, 584 F.2d 223, 229 (7th Cir. 1978)).

A plaintiff can sue a municipality—and its related corporate entities—for violations of a constitutional right under Section 1983. This is called *Monell* liability. *See Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978). *Monell* claims against a municipal entity arise "only when the violation is brought about by (1) its express policy, (2) a widespread, though unwritten, custom or practice, or (3) a decision by an agent with 'final policymaking authority.'" *Terry v. County of Milwaukee*, 2018 WL 2567721, at *1, *6–11 (E.D. Wis. June 4, 2018) (citing *Darchak v. City of Chi. Bd. of Educ.*, 580 F.3d 622, 629 (7th Cir. 2009)).

Construing Plaintiff's allegations liberally, as the Court must, it finds that Plaintiff may proceed on a claim for a violation of his Fourth Amendment rights when his dwelling was searched without a warrant and when he was arrested. Plaintiff may also proceed on a claim for a violation of his First Amendment rights when he was arrested in retaliation for attempting to submit a complaint against the KPD. The Court infers, based on the facts alleged, that such an arrest would deter reasonable people from attempting to file complaints against the police department. Additionally, due to the low bar applied at the screening stage, Plaintiff has alleged

enough facts so that he may proceed on a *Monell* claim against the Kenosha Police Department.

## 4. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Unlawful search and seizure on December 26, 2018 and December 28, 2018, in violation of the Fourth Amendment, against the Officer Defendants;

**Claim Two:** Unlawful arrest on December 28, 2018, in violation of the Fourth Amendment, against the Officer Defendants;

**Claim Three:** Retaliation, in violation of the First Amendment, against the Officer Defendants, when Plaintiff was arrested on December 28, 2018; and

**Claim Four:** A *Monell* claim against the Kenosha Police Department for an alleged "practice, custom, or official policy" to "make arrest[s] in private residence[s] without warrants, consent, hot pursuit, exigent circumstances, and lawful justification."

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to amend his complaint (Docket #21) be and the same is hereby **GRANTED**; Plaintiff's amended complaint (Docket #21) shall be the operative pleading in this action;

**IT IS FURTHER ORDERED** that Defendant Police Chief Daniel Miskinis's motion to dismiss (Docket #26) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the amended complaint and this order upon Defendants Brennan, Krein, Vega, Smith, Vang, Kenesie, Robert Shrei, Lt. Dillhoff, and

the Kenosha Police Department, pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee; and

IT IS FURTHER ORDERED that Defendants shall file a responsive pleading to the amended complaint.

Dated at Milwaukee, Wisconsin, this 26th day of March 2021.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge