# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TERRANCE LAVELL KIRKSEY,<br><br>                  Plaintiff,<br><br>v.<br><br>CORY BRENNAN, JAMES KREIN, IV, JAVIER VEGA, MYLES SMITH, STEPHEN VANG, JASON KENESIE, ROBERT SHREI, AARON DILLHOFF, KENOSHA POLICE DEPARTMENT, and WCI PRISON FACILITY,<br><br>                  Defendants. | Case No. 19-CV-1278-JPS<br><br>**ORDER** |
| TERRANCE LAVELL KIRKSEY,<br><br>                  Plaintiff,<br><br>v.<br><br>C.O. ANTHONY MATUSHAK, RACHEL MATUSHAK, MICHAEL COLE, SGT. GOMM, and WARDEN DYLON RADTKE,<br><br>                  Defendants. | Case No. 21-CV-588-JPS<br><br>**ORDER** |

| | |
|---|---|
| TERRANCE LAVELL KIRKSEY,<br><br>    Plaintiff,<br><br>v.<br><br>LT. ROZMARNOSKI, C.O. DORSEY, SGT. BAMBKE, DR. BREEN, K. GRABOWSKI, M. HAESE, E. DAVISON, C. O'DONNELL, and BHS NURSING CORDINATOR,<br><br>    Defendants. | Case No. 21-CV-1169-JPS<br><br>**ORDER** |
| TERRANCE LAVELL KIRKSEY,<br><br>    Plaintiff,<br><br>v.<br><br>SGT. MATUSHAK, M. HAESE, J. PERTTU, E. DAVIDSON, K. GRABOWSKI, and C. O'DONNELL,<br><br>    Defendants. | Case No. 21-CV-1170-JPS<br><br>**ORDER** |
| TERRANCE LAVELL KIRKSEY,<br><br>    Plaintiff,<br><br>v.<br><br>CO HOFFMAN, CO KORPITA, CO PHILLIPS, CPT. CUSHING, K. GRABOWSKI, and WARDEN DYLAN RADTKE,<br><br>    Defendants. | Case No. 21-CV-1193-JPS<br><br>**ORDER** |

| | |
|---|---|
| TERRANCE LAVELL KIRKSEY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>H. UTTER, A. DEGROOT, R. SNOW, E. DAVIDSON, BHS NURSING CORDINATOR, and C. O'DONNELL,<br><br>　　　　　Defendants. | Case No. 21-CV-1252-JPS<br><br><br>**ORDER** |
| TERRANCE LAVELL KIRKSEY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SGT KOELLER, DR BREEN, and JOHN DOES,<br><br>　　　　　Defendants. | Case No. 21-CV-1357-JPS<br><br><br>**ORDER** |

Plaintiff Terrance Lavell Kirksey ("Kirksey"), an inmate at Waupun Correctional Institution, has filed fifteen cases since 2019. All of Kirksey's cases are § 1983 civil rights cases. Specifically, Kirksey has filed the following cases:

| Date Filed | Case Number | Disposition |
|---|---|---|
| 4/25/2019 | 19-CV-602 | Dismissed without prejudice for failure to exhaust administrative remedies |
| 9/3/2019 | 19-CV-1278 | Awaiting trial scheduling order |
| 9/10/2019 | 19-CV-1310 | Dismissed without prejudice for failure to exhaust administrative remedies |
| 2/24/2020 | 20-CV-299 | Voluntarily dismissed |

| | | |
|---|---|---|
| 2/24/2020 | 20-CV-301 | Voluntarily dismissed |
| 2/24/2020 | 20-CV-303 | Voluntarily dismissed |
| 2/24/2020 | 20-CV-304 | Voluntarily dismissed |
| 5/6/2020 | 20-CV-701 | Voluntarily dismissed |
| 9/3/2020 | 20-CV-1364 | Dismissed without prejudice for failure to exhaust administrative remedies |
| 5/10/2021 | 21-CV-588 | Awaiting screening |
| 10/8/2021 | 21-CV-1169 | Awaiting screening |
| 10/8/2021 | 21-CV-1170 | Awaiting screening |
| 10/14/2021 | 21-CV-1193 | Awaiting screening |
| 10/27/2021 | 21-CV-1252 | Awaiting screening |
| 11/23/2021 | 21-CV-1357 | Awaiting screening |

The right of access to federal courts is not absolute. *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citing *United States ex rel. Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 674 (7th Cir. 1995)). Individuals are "only entitled to meaningful access to the courts." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989).

A federal court's inherent powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). The All Writs Act, 28 U.S.C. § 1651(a), gives district courts the "inherent power to enter pre-filing orders against vexatious litigants." *Orlando Residence Ltd. v. GP Credit Co., LLC*, 609 F. Supp. 2d 813, 816–17 (E.D. Wis. 2009) (citing *Molski v. Evergreen*

*Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)). "A filing restriction must, however, be narrowly tailored to the type of abuse, and must not bar the courthouse door absolutely." *Chapman v. Exec. Comm.*, 324 F. App'x 500, 502 (7th Cir. 2009) (citations omitted). Generally, filing bars will be upheld if they are (1) narrowly tailored; (2) not a complete bar on filing; and (3) lift once the abusive practices have ceased. *Id.*; *Smith v. United States Cong.*, No. 19-CV-1001-PP, 2019 WL 6037487, at *9 (E.D. Wis. Nov. 14, 2019).

Kirksey has filed fifteen cases in this district since 2019. He voluntarily dismissed five of these cases before completion of the required screening process; three more were dismissed for failure to exhaust administrative remedies, leaving seven cases currently pending before the Court. Without doubt, the Court finds that Kirksey has abused the right of access the Court with filings wholly lacking in merit. More importantly, while every litigant, including Kirksey, is entitled to their day in court, they are not entitled to someone else's day in court by drawing upon this Court's limited resources to adjudicate cases determined early on to be frivolous and without merit.

Therefore, in this instance, the Court finds it appropriate to impose a filing bar limiting Kirksey to proceeding with only two cases at any one time. Accordingly, the Court will order Kirksey to file a letter with the Court within 30 days of this Order indicating on which two of his seven open cases (19-CV-1278, 21-CV-588, 21-CV-1169, 21-CV-1170, 21-CV-1193, 21-CV-1252 and 21-CV-1357) he would like to proceed. The remaining five cases will then be administratively closed subject to a motion to reopen after such time as the number of Kirksey's pending cases falls below two. **In addition, Kirksey may only file, or move to reopen an administratively-closed case, if he provides the Court with clearly labeled evidence that he**

**has, in fact, exhausted his administrative remedies as to the case in question.** Such clearly labeled evidence may consist of a copy of the inmate complaint he submitted to the complaint examiner, as well as copies of any appeals. This pre-filing bar is narrowly tailored to address the primary issue with Kirksey's filings– namely that they are preemptive– while avoiding an indefinite bar on access to the courts. Kirksey may move to modify or rescind this bar no earlier than three years after the date of this Order. *See Smith,* 2019 WL 6037487, at *11.

Accordingly,

**IT IS ORDERED** that Plaintiff Terrance Lavell Kirksey is **BARRED** from filing any new civil cases in this district that do not include clearly labeled evidence of exhaustion of the claims therein;

**IT IS FURTHER ORDERED** that, consistent with the terms of this Order, the Clerk of Court shall return any new case filings received from, or on behalf of, Terrance Lavell Kirksey back to him unfiled, together with a copy of this Order, if those filings do not include clearly labeled evidence of exhaustion; and

**IT IS FURTHER ORDERED** that, within 30 days of this Order, Plaintiff Terrance Lavell Kirksey is to file a letter to the Court indicating the two cases on which he would like to proceed.

Dated at Milwaukee, Wisconsin, this 21st day of January, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge